# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| DONALD P. ROGERS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DEPUTY KING, DEPUTY BURT, ASS. DEPUTY COUNTY ATTORNEY JASON TROY MARKS, CHIEF COUNTY ATTORNEY FRED VAN VALKENBURG, CITY OF MISSOULA JUDICIAL COURT SYSTEM, and the COUNTY OF MISSOULA,<br><br>　　　　Defendants. | Cause No. CV 13-00163-M-DWM-JCL<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are Plaintiff Donald Rogers' Motion for Leave to Proceed in Forma Pauperis, proposed Complaint, Motion to Appoint Counsel, Motion to Produce Documents, Motion to Preclude Defendants from Official Immunity, and Petition Requesting Stay of Civil Rights Complaint. (Dkt. #s 1, 2, 3, 5, 7, 8). Rogers, appearing pro se, brings this action under 42 U.S.C. § 1983 alleging his Federal Constitutional rights were violated during the course of a criminal proceeding prosecuted against him by the State of Montana. Because the state criminal

1

proceeding remains pending, the Court must abstain from hearing Rogers' claims. His claims for injunctive and declaratory relief should be dismissed. But his claims for monetary relief will be stayed.

## I. **Motion to Proceed in Forma Pauperis**

Rogers submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Rogers' account statement shows he has insufficient funds to pay an initial partial filing fee and therefore that fee will be waived. Rogers must still make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Rogers to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. **Background**

Rogers is a prisoner proceeding without counsel. He names the following Defendants: Missoula County Sheriff's Deputy King; Missoula County Sheriff's Deputy Burt; Assistant County Attorney Jason Troy Marks; Chief County Attorney Fred Van Valkenburg; the City of Missoula; and the County of Missoula.

## A. Statement of Claims

Rogers was arrested on April 16, 2011 for alleged sexual assault, partner family member assault and unlawful restraint. He contends that during the course of the arrest, Deputies King and Burt allowed the alleged victim to erase certain contents of his cell phone. They then allegedly withheld information about the victim tampering with his phone from the prosecutors and judges deciding his criminal case.

Rogers also alleges that Defendants Marks and VanValkenburg presented a declaration in support of the charges being filed against him but did not include "a number of discreet details" of the actions of the alleged victim. Dkt 2, p. 7. Rogers contends that Deputy County Attorney Jason Marks was fully aware that the alleged victim had a history of "assaultive and past domestic disorder" but Marks did not disclose this information in testimony to the magistrate . Rogers contends the magistrate was mislead in his/her reliance on the "internal content" of Jason Marks' testimony. He contends Marks went outside the professional duties of a prosecutor and conducted a private investigation with the alleged victim. Dkt 2, ¶ 38. Rogers alleges that Marks (under the supervision of VanValkenburg, the City of Missoula and Missoula County) either allowed law enforcement or Marks himself removed photos of the victim's "animalistic" bite marks to Rogers' neck

and ear from official police reports .

Rogers contends Marks knowingly withheld evidence, failed to reveal that the alleged victim had made false accusations in the past against him, knowingly refused forensic testing of bed linens in discovery, refused to disclose medical reports from First Step (commonly known as the rape kit), refused to disclose 911 archives of the victim being previously removed from Rogers' home or the 911 call claiming Rogers sexually assaulted her during a domestic assault, filed a motion in limine to preclude Rogers from claiming self defense, withheld facts relevant to Rogers' self defense claim, and withheld expungement statutes from Rogers.

**B. State Court Proceedings**

In 2011, Rogers was convicted of eight criminal counts including sexual intercourse without consent, partner or family member assault, unlawful restraint, and violation of a no contact order. On February 29, 2012, he was sentenced to forty years at the Montana State Prison with twenty years suspended. Rogers appealed his conviction to the Montana Supreme Court. On August 13, 2013, the day after this action was filed, the Montana Supreme Court reversed and remanded Rogers' conviction for a new trial on all charges, finding that the State's introduction of Rogers' criminal history, including convictions overturned by an

appellate court for legal error, violated Rogers' right to a fair trial. *State v. Rogers*, 2013 MT 221 (August 13, 2013).

## III. Prescreening

### A. Standard

Rogers is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. Analysis

While there are questions regarding prosecutorial immunity and whether or not Rogers has sufficiently plead claims against the City of Missoula and/or Missoula County, the real concern at this stage of the proceeding is Rogers' ongoing state criminal case. The allegations of Rogers' complaint suggest that he is attempting to challenge the propriety of ongoing state criminal proceedings in this 42 U.S.C. § 1983 civil rights action.

#### 1. Younger v. Harris

Challenges to ongoing criminal proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The doctrine is based on the

strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would

7

enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *AmerisourceBergen Corp. v. Roden* ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007).

All the elements of *Younger* abstention are established in this case. First, based upon the recent decision of the Montana Supreme Court, there are ongoing state criminal proceedings. Secondly, these proceedings revolve around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing. Third, Rogers has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Rogers has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his prosecution. Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Because any decisions in this action regarding whether or

not Rogers was falsely arrested or maliciously prosecuted in violation of his rights under the United States Constitution would directly interfere with the state criminal proceeding, *Younger* mandates that this Court abstain from adjudicating Rogers' claims.

*Younger* abstention applies differently to claims for monetary damages than it does to claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004). But, where monetary damages are sought, the federal court should stay the matter under *Younger* rather than dismiss those claims until after the state court proceedings are no longer pending. *Gilbertson,* 381 F.3d at 981-982; s*ee also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009). Thus, under *Younger*, claims for injunctive and declaratory relief should be dismissed without prejudice, and the remainder of the action seeking monetary damages should be stayed pending resolution of the state court proceedings. *Lampley v. Toris*, 2012 WL 846460, *4 (C.D. Cal. 2012). Rogers is seeking compensatory and punitive damages in addition to declaratory and injunctive relief. The proper course is to dismiss the equitable claims and stay the claims for damages. *See Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) ("district court properly dismissed . . . claims for

declaratory and injunctive relief," but "claims for money damages should have been stayed until the state court proceedings are completed"); *Tomel v. Ross*, 2009 WL 3824742, at *3 (D.Haw. 2009) ("Claims for injunctive or declaratory relief are normally dismissed; claims for monetary damages may be stayed.").

### 2. Heck v. Humphrey

Given that Rogers' conviction has now been overturned, a stay of Rogers' claims for monetary relief is also appropriate under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487.

The United States Supreme Court in *Wallace v. Kato,* 549 U.S. 384 (2007), held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 1097-98 (quoting *Heck,* 512 U.S. at 486-87). The Court specifically rejected the contention that "an action which

would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" stating that such a proposition goes "well beyond *Heck*." *Id.* at 1098 (italics in original). Thus, if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.*

## IV. Conclusion

The Court must abstain from exercising jurisdiction over this action. As such, all of Rogers' claims for injunctive and declaratory relief advanced against all Defendants should be dismissed without prejudice. The remainder of Rogers' claims seeking monetary damages against all of the Defendants, however, will be stayed until the state court proceeding – including appellate review – against Rogers are completed.[1] Accordingly, Rogers' Petition Requesting Stay of Civil

---

[1] Because an order issuing a stay is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A) and is not dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, it is within the province of a magistrate judge's authority. *Touton, S.A. v. M.V. Rizcun Trader*, 30 F.Supp.2d 508, 510 (E.D. Pa.1998) ("[T]he Court finds that neither the grant of the

Rights Complaint under the Civil Rights Act 42 U.S.C. § 1983 (Dkt. 8) will be granted in part and denied in part.

Rogers' Motion for Appointment of Counsel and/or Attorney Fees (Dkt. 3), Request to Produce Documents and Tangible Things or to Enter onto Land under Discovery Rule (Dkt. 5), and Motion to Preclude Defendants from Official Immunity (Dkt. 7) will be denied without prejudice subject to renewal after the lifting of the stay of this case.

**Address Change**

At all times during the pendency of this action, Rogers shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1. Rogers' Motion to Proceed in Forma Pauperis (Dkt. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Dkt. 2) to remove the word "LODGED" and the Complaint is deemed filed on August

---

stay of proceedings . . . , nor the lift of said stay, constituted 'injunctive relief' in excess of the Magistrate Judge's authority under § 636(b)(1)(A).").

12, 2013.

3. Rogers' Motion for Appointment of Counsel and/or Attorney Fees (Dkt. 3) is denied without prejudice.

4. Rogers' Request to Produce Documents and Tangible Things or to Enter onto Land under Discovery Rule (Dkt. 5) is denied without prejudice.

5. Rogers' Motion to Preclude Defendants from Official Immunity (Dkt. 7) is denied without prejudice.

6. Rogers' Petition Requesting Stay of Civil Rights Complaint under the Civil Rights Act 42 U.S.C. § 1983 (Dkt. 8) granted as to Rogers' claims for monetary relief. It is denied as to Rogers' claims for equitable relief.

7. This case is stayed pending resolution of the criminal charges against Rogers.

8. If Rogers desires to continue with this case after disposition of the criminal charges against him, he must request the stay be lifted within thirty days of disposition of the criminal charges, unless an appeal is filed. If he appeals, any request to lift the stay must be filed within thirty days of completion of the appellate process.

Further, the Court issues the following:

## RECOMMENDATIONS

Rogers' claims for injunctive and declaratory relief advanced against all Defendants should be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Rogers may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Rogers files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Rogers from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which

objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of August, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge