IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DONALD P. ROGERS,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY KING, DEPUTY BURT, ASS. DEPUTY COUNTY ATTORNEY JASON TROY MARKS, CHIEF COUNTY ATTORNEY FRED VAN VALKENBURG, CITY OF MISSOULA JUDICIAL COURT SYSTEM, and the COUNTY OF MISSOULA,<br><br>Defendants. | CV 13-00163-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Donald Rogers, appearing pro se, brought this action under 42 U.S.C. § 1983 alleging his federal constitutional rights were violated during the course of a criminal proceeding brought against him by the State of Montana. On September 3, 2013, this Court issued an Order staying Rogers' claims seeking monetary damages against all Defendants based upon the doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and *Heck v. Humphrey*, 512 U.S. 477 (1994). The case was stayed pending resolution of Rogers' criminal charges in Missoula County. (Doc. 11.) On September 1, 2015, the Montana Supreme Court dismissed Rogers' appeal. *State v. Rogers*, DA 14-0476 (September 1, 2015).

1

I. **Statement of the Case**

   A. **Parties**

Rogers is proceeding without counsel. At the time he filed this action he was incarcerated but has since been released from prison. (September 26, 2014 Notice of Change of Address, Doc. 20.) In his Complaint, he named the following Defendants: Missoula County Sheriff's Deputy King; Missoula County Sheriff's Deputy Burt; Assistant County Attorney Jason Troy Marks; Chief County Attorney Fred VanValkenburg; the City of Missoula; and the County of Missoula.

   B. **Statement of Claims**

Rogers was arrested on April 16, 2011 for sexual assault, partner family member assault, and unlawful restraint. He contends that during the course of the arrest, Deputies King and Burt allowed the alleged victim to erase certain contents of his cell phone. The deputies, according to Rogers, failed to advise the prosecutor and judges in his criminal case about the erasures.

Rogers also alleges that Defendants Marks and VanValkenburg presented a declaration in support of the charges being filed against him which did not include "a number of discreet details" of the actions of the alleged victim. (Complaint, Doc. 2 at 7.) Rogers contends that Marks was fully aware that the alleged victim had a history of "assaultive and past domestic disorder" but deliberately withheld

information from the reviewing judge. Rogers contends the judge was mislead in his/her reliance on the "internal content" of Marks' testimony. He contends Marks went outside the professional duties of a prosecutor and conducted a private investigation with the alleged victim. (Complaint, Doc. 2 at ¶ 38.) Rogers alleges that Marks (under the supervision of VanValkenburg, the City of Missoula, and Missoula County) either allowed law enforcement or Marks himself to remove photos of the victim's "animalistic" bite marks to Rogers' neck and ear from official police reports.

Rogers contends Marks knowingly withheld evidence, failed to reveal that the alleged victim had made false accusations in the past against him, knowingly refused forensic testing of bed linens in discovery, refused to disclose medical reports from First Step (commonly known as the rape kit), refused to disclose 911 archives of the victim being previously removed from Rogers' home or the 911 call claiming Rogers sexually assaulted her during a domestic assault, filed a motion in limine to preclude Rogers from claiming self defense, withheld facts relevant to Rogers' self defense claim, and withheld expungement statutes from Rogers.

**C. State Court Proceedings**

In 2011, Rogers was convicted of eight criminal counts including sexual

intercourse without consent, partner or family member assault, unlawful restraint, and violation of a no contact order. On February 29, 2012, he was sentenced to forty years at the Montana State Prison with twenty years suspended. Rogers appealed his conviction to the Montana Supreme Court. On August 13, 2013, the day after this action was filed, the Montana Supreme Court reversed and remanded Rogers' conviction for a new trial finding that the State's introduction of Rogers' criminal history, including convictions overturned by an appellate court for legal error, violated Rogers's right to a fair trial. *State v. Rogers*, 2013 MT 221 (August 13, 2013).

After further proceedings in state court, Rogers entered into a Plea Agreement on May 28, 2014 and entered Alford pleas to two felonies: Partner Family Member Assault (3rd or subsequent offense) and Burglary. In return, the State dismissed the remaining charges with prejudice. *State v. Rogers*, DA 14-0476, *Anders* Brief of Appellant filed July 9, 2015. As part of the plea agreement, Rogers waived his right to appeal except as to the district court's ruling on an issue brought pursuant to *State v. Gallagher*, 304 Mont. 215 (2001) regarding Rogers' complaints about defense counsel. On July 9, 2015, Rogers' counsel filed a motion and brief asking to be allowed to withdraw from the appeal on the grounds that she was unable to find any nonfrivolous issues to raise on appeal,

pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Mont. Code Ann. § 46-8-013(2). That motion was granted and the appeal was dismissed on September 1, 2015. *State v. Rogers*, DA 14-0476 (September 1, 2015).

## II. Failure to Comply with Court's Orders

In two prior Court Orders, Rogers was advised that if he wanted to continue with this case after disposition of the criminal charges against him, he must request to lift the stay within thirty days of completion of the appellate process. (Docs. 11, 22.) Rogers' appeal was dismissed on September 1, 2015 and he has not filed a request to lift the stay or otherwise proceed with this action. Accordingly, this matter should be dismissed for failure to comply with the Court's prior orders (Docs. 11, 22). *See Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet*, 963 F.2d 1258 (1992)(a district court may dismiss an action for failure to comply with any order of the court).

## III. Heck v. Humphrey

In addition, in light of the dismissal of Rogers' appeal of his criminal conviction, it is now clear that Rogers' claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would imply the invalidity

5

of a conviction or sentence, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487.

Rogers has been convicted of partner family member assault and burglary and those convictions have been upheld on appeal. Any finding that his constitutional rights were violated during the course of his arrest for those offenses and the criminal proceedings regarding those charges would necessarily imply the invalidity of those convictions. Since Rogers' convictions have now been affirmed on appeal, this matter is barred by *Heck* and should be dismissed.

## IV. <u>Strike under 28 U.S.C. § 1915(g)</u>

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). The question of whether a complaint dismissed pursuant to *Heck* constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes,* 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of

a cause of action." *Heck*, 512 U.S. at 489.  Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim.  *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A §1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327 DMS AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011).  Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

**ORDER**

The stay issued September 3, 2013 (Doc. 11) is lifted.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be dismissed.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the

7

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Rogers may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of October, 2015.

                     */s/ Jeremiah C. Lynch*
                     Jeremiah C. Lynch
                     United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.